### POYNOR v. ADAMS.
#### No. 8861.

Court of Civil Appeals of Texas. Austin.

Dec. 30, 1939.

Rehearing Denied Jan. 17, 1940.

T. R. Johnston, of San Angelo, for appellant.

Murphy & Leslie, of San Angelo, for appellee.

McCLENDON, Chief Justice.

This appeal is from a judgment in favor of Adams against Poynor alone in a suit by Adams against Poynor and Robinson as partners upon a promissory note executed by Poynor alone and payable to Adams. The only ground for reversal is the assertion that Adams's petition was insufficient to support a judgment against Poynor as sole obligee on the note, since it was alleged (and only alleged) that the note was executed by Poynor in a partnership transaction.

The petition copies the note in haec verba, and there was a prayer for general relief. The note was, as stated, signed by Poynor alone, and bore no evidence of being other than his individual obligation. Poynor and Robinson filed separate answers in each of which was a verified denial of the existence of any partnership relation between them. Execution of the note was not denied. Poynor's answer contained additionally a cross-action for damages against Adams upon the allegation that at the time the suit was filed Poynor was "working out of the office of" Robinson, on commission in the sale of real estate, and Robinson was joined in the suit "for the sole and only purpose of embarrassing and harassing" Poynor "into the paying of the note alleged, and so to cause" Robinson "to sever his connection with" Poynor. It was alleged that such was the result of such joinder, to Poynor's damage in the sum of $400, for which he sued.

We hold:

(1) The petition showing on its face that the note as drawn was an individual obligation of Poynor, and there being a prayer for general relief, it was sufficient to support the judgment.

(2) The answer of Poynor, denying under oath partnership liability on the note, and not denying under oath execution of the note, but pleading a cross-action growing out of his individual liability thereon, was tantamount to an admission of such individual liability; and was therefore sufficient to support the judgment.

The trial court's judgment is affirmed.

Affirmed.